IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:19-CV-00461

BAIN & MCRAE, LLP.

    Plaintiff,

vs.

MATTHEW RYAN MCKAIG,

    Defendant.

**COMPLAINT**
(Jury Trial Demanded)

NOW COMES Bain & McRae, LLP, and complains of the Defendant, Matthew Ryan McKaig as follows:

## I. INTRODUCTION

1. This is an action for declaratory judgment related to a former associate lawyer who worked for Bain & McRae, LLP. Two law firms, Bain & McRae, LLP, and Chris Munz, P.A. represented a plaintiff client in a personal injury action. After Defendant McKaig left its employ, the firm of Bain & McRae, LLP, engaged Defendant McKaig to work as a contract attorney on a limited, as needed basis. Bain & McRae, LLP and Chris Munz, P.A. have now settled the personal injury action on behalf of their client and are due attorneys fees as part their written retainer contract with their client. Defendant McKaig disputes the pay due him for his work as a contract attorney on this personal injury action. Plaintiffs are seeking a declaratory judgment regarding the reasonable pay due to Defendant McKaig as a contract attorney for the services he rendered as a contract attorney for Bain & McRae, LLP, on the personal injury action.

## II. STATEMENT OF PARTIES AND JURISDICTION

2. Plaintiff Bain & McRae, LLP, is a law firm in Lillington, Harnett County, North Carolina, operating as a limited liability partnership (LLP) under North Carolina law.

3. Defendant Matthew Ryan McKaig is an individual, residing in Charleston, South Carolina.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

5. The Court also has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, because there is an existing controversy regarding the rights of Bain & McRae, LLP and Defendant Matthew Ryan McKaig, as to the pay due him for his work as a contract attorney on a personal injury action. This Court likewise has personal jurisdiction over the parties.

### III. BACKGROUND

6. Defendant McKaig was a former associate lawyer/employee of Bain & McRae, LLP. He was employed in this capacity from March 2, 2015 to July 16, 2018.

7. During Defendant McKaig's employ at Bain & McRae, LLP, this law firm and the law firm of Chris Munz, P.A., entered into the joint representation of a personal injury plaintiff.

8. Following his date of separation from the law firm of Bain & McRae, LLP, the Bain law firm contracted with Defendant McKaig to perform work on a limited, contract basis on the aforementioned personal injury action (hereinafter "the personal injury action").

9. The personal injury action arose from an accident in Durham County, North Carolina. Bain & McRae, LLP, and Chris Munz, P.A., filed the complaint in the personal injury action in Wake County, North Carolina. The client, who for confidentiality purposes is identified here as the administrator of a decedent's estate, is a citizen and resident of Harnett County, North

Carolina.

10. Bain & McRae, LLP, and Chris Munz, P.A., have reached a confidential, negotiated settlement on behalf of their client in the personal injury action, and have earned attorneys fees under the terms of their written retainer contract with the client.

11. Bain & McRae, LLP, through its founding partner, Edgar Bain, Esq., had offered to pay Defendant McKaig for work performed as a contract attorney on the personal injury action.

12. Defendant McKaig has rejected the offer. He disputes the pay due to him following his separation as an associate at Bain & McRae for his work as a contract attorney on the personal injury action.

13. An actual controversy exists in this matter, as Defendant McKaig has confirmed in writing that he intends to engage in "stressful" and "expensive" nuisance litigation "and appeals" and to do so "for years," if his unreasonable and unlawful demands for additional compensation are not met. He has further stated he will file what is clearly a North Carolina-based dispute in federal court in South Carolina, in an attempt to cause further hardship to Plaintiffs.

14. Plaintiffs are seeking a declaratory judgment regarding the reasonable pay due to Defendant McKaig as a contract attorney for the services he rendered to Bain & McRae, LLP on the personal injury action.

## CLAIM FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – Defendant McKaig is entitled only to reasonable compensation for services rendered as a contract attorney for Bain & McRae, LLP)**

15. The allegations in the preceding paragraphs are realleged and incorporated herein.

16. Pursuant to 28 U.S.C. 2201, *et seq*, Plaintiff Bain & McRae is an interested party, and may petition this Court to declare the rights and other legal relations with respect to this genuine controversy.

17. Pursuant to N.C. Gen. Stat. § 1-254, a Court may enter a declaratory judgment when the pleadings and evidence disclose the existence of a genuine controversy between the parties to the action, arising out of conflicting contentions as to their respective legal rights and liabilities under a deed, will, contract, statute, ordinance, or franchise.

18. There exists a genuine controversy between this Plaintiff and this Defendant that arises out of their conflicting contentions as to the reasonable pay Defendant McKaig is due as a contract attorney for Plaintiff following Defendant McKaig's separation as an associate at Bain & McRae, LLP.

19. Plaintiff requests a declaratory judgment as to the reasonable pay Plaintiff Bain & McRae, LLP, should pay to its former contract attorney, Defendant McKaig, for the reasonable value of the services he rendered as a contract attorney for Bain & McRae, LLP.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1. That the Court enter judgment declaring the reasonable pay that Plaintiff should pay to Defendant for the work he performed as a contract attorney on this personal injury action.

2. That the Court enjoin Defendant from engaging in nuisance litigation related to this matter against Plaintiff, its attorneys and representatives, and Chris Munz, P.A., and its attorneys and representatives.

3. That Plaintiffs be allowed to recover attorneys' fees as allowed by law;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as may be deemed appropriate by this Court.

This the _____ day of October 2019.

          **THE SALMON LAW FIRM, LLP**

          /s/ Elisa J. Salmon
          Elisa J. Salmon, Esq. (N.C.S.B. No. 35242)
          101 E. Front St.
          PO Box 185
          Lillington, NC 27546
          Telephone: (919) 653-7825
          Facsimile: (919) 833-7536
          esalmon@salmonfirm.com
          *Attorney for Plaintiff*